CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
The amended petition of appellants shows that they sue as the survivors and successors of the late firm of N. A. Hardee & Co. If there be a defect of parties, appellees failed to take advantage of it by special demurrer, and the defect in that respect must be deemed to have been waived.
This is an action for money paid and expended for the use and benefit of the defendants, under circumstances which in law are equivalent to a special request. Hall & Long shipped to Hardee & Co., factors and commission merchants at Savan *329 nah, Ga., one hundred and ten bales of cotton, to be by them received and shipped to Liverpool, England, for sale. On the trip from Augusta to Savannah the steamer Amazon, upon which the cotton had been shipped, was snagged; and the master and owners claimed that in order to save the cargo they found it necessary to strand the vessel. In so doing they greatly injured her, and they asserted claim against the consignees of the cargo for compensation for such injuries, in the way of general average. In order either to obtain possession of appellees’ cotton or to release it from the asserted claim, that it might be at once shipped to the foreign market, the appellants signed a general average bond. They were afterward sued on this bond in one of the courts of the state of Georgia; judgment was rendered against them for something over three thousand dollars, with interest and costs. They have satisfied that judgment, and seek in this action to recover the amount paid, from Hall & Long, the owners of the cotton against which the claim or lien was asserted.
The law and facts were submitted to the judge of the court of common pleas without the intervention of a jury. The appellants relied on the record of the suit in the Georgia court to establish the facts showing that they were legally bound to pay the sum in controversy to the owners of the wrecked steamer.
The court below held: “ That the record in Georgia is only admissible against the defendants herein for the purpose of showing that such judgment had been rendered against the plaintiffs. . . .The defendants not being privy to the same, as we think, in any wise, can not be concluded by this judgment as to any fact or supposed facts on which it was made to rest, and the exception of the defendant to the reading of the said record, except as herein already indicated, is sustained.” The effect of this ruling was necessarily the dis-mission of appellants’ petition.
*330 It is an indisputable proposition that a verdict and judgment are evidence against none others than parties and privies. They may be used against third parties, for the single purpose of establishing their own existence, but the facts which authorized the recovery can not, in general, be proved against such parties by the record, they being strangers to it. The appellees were not parties to the suit in Georgia, but the appellants insist that the evidence in this case, outside and independent of the record of that suit, shows they were privies.
By certain letters on file, the authenticity of which is settled beyond question, it is proved' that the appellants, before the institution of the Georgia suit, notified appellees that the claim against them on account of the general average bond was being asserted. On the 26th of December, 1866, just before that suit was commenced, appellees wrote to the appellants as follows: “Your favor of 21st to hand. We thank you for your kindness in selecting attorneys for us in the Amazon case. Any suggestions you can make that you think will be for our interest we will thank you to do.”
Again on the 25th of January, 1867, after the commencement of legal proceedings on the average bond, they acknowledged the receipt of a letter from the appellants, and accepted a sight-draft for $200, the amount of the retainer of Jackson & Law-ton, attorneys employed to defend the action, and expressed the hope that they would thoroughly acquaint themselves with the cause and give it proper attention.
By a letter written August 13, 1866, Hall & Long had said to the appellees that they were instructed by their insurance company to ask them to employ a good lawyer to defend the threatened suit, and to draw for his fee, and they (the insurers) would pay the bill.
One of the appellees who testified as a witness stated that Hall & Long knew the suit in Georgia was on the bond signed by the appellants to release their cotton, and that they had not *331 paid the assessment on the bond, but had paid the attorney’s fee for defending the action.
It is manifest that the general average bond was executed by the agents of the appellees for their benefit.
As consignees these agents had the right and it was their duty to execute the bond, in order that they might carry out the instructions of their principals with regard to the shipment and sale of the cotton in the foreign market. (Abbott on Shipping, 247 and 362.)
They were sued in Georgia for a claim due, if at all, by their principals. They had the right to demand that these principals should defend the action and satisfy any judgment that might be rendered against them. They promptly advised them of the institution of the action, employed counsel at their instance, and interposed no obstacle to their taking full and complete control of the defense which was being made in their interest.
A case is thus presented in which parties directly interested in the subject-matter of a suit had the opportunity and the unobstructed right to make defense, to control the proceedings, and, if they so desired, to appeal from the judgment.
According to the rule as stated by Mr. Greenleaf, they are conclusively bound by the judgment, and the record is evidence against them of the ulterior facts upon which it was founded. (Greenleaf on Evidence, vol. 1, secs. 523 and 539.)
This rule is distinctly recognized by this court in the cases of Samuel v. Hall (9 B. Monroe, 374), Thomas v. Beckman (1 B. Monroe, 29), and Roberts, &c. v. Smiley (5 T. B. Monroe, 270).
Whether as against the appellees the transcript is conclusive or only prima facie evidence of all the facts decided between the immediate parties to the Georgia suit, we need not decide. It is certainly prima facie, and that is sufficient for the case in hand.
*332 Appellees call our attention to the fact that in their answer to the petition on the general average bond the appellants state that it was not signed by them until after the cotton had been delivered. They claim there was no necessity for its execution after the possession of the property had been obtained. We will not inquire into that question. In filing the answer and making defense to the suit on the bond appellants were acting as the agents of Hall & Long. In that suit the legal question as to the liability of the appellants, and consequently of Hall & Long, was determined by a court of competent jurisdiction, and its judgment remains unreversed.
Appellants can not be regarded as the agents or representatives of the insurance company. They represented their principals, Hall & Long; and the fact that that firm imposed the duty of paying counsel fees on the party ultimately liable to them can not affect the rights of their immediate agents to have refunded such sums of money as they have been legally compelled to pay for their direct use and benefit.
For the error of law in rejecting evidence thus shown to be competent, the judgment of the common pleas court is reversed and the cause remanded for a new trial upon principles consistent with this opinion.